## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ASHLEY FORD,<br><br>    Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING LLC;<br>MIDLAND CREDIT MANAGEMENT,<br>INC.; and FREDERICK J. HANNA &<br>ASSOCIATES, P.C.,<br><br>    Defendants. | Civil Action File No:<br><br>1:13-cv-3062-CC-JFK<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ashley Ford brings this action against Defendant MIDLAND

FUNDING LLC ("Midland"), Defendant Midland Credit Management, Inc.

("MCM"), and Defendant FREDERICK J. HANNA & ASSOCIATES, P.C.

("Hanna") on the grounds set forth herein.

## I. INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney's fees and

costs of this action pursuant to the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*; damages pursuant to the Telephone

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; and exemplary and

treble damages, attorney's fees and costs of this action pursuant to Georgia's

Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-391 *et seq*.

## II. JURISDICTION

2.      This Court has proper subject matter and personal jurisdiction.

3.      Venue is proper in this Court because the acts and transactions occurred here, Plaintiff resides here, Defendants transact business here, and Defendant Hanna is located here.

## III. PARTIES

### Plaintiff

4.      Plaintiff is a natural person who resides in the County of Cobb, State of Georgia.

5.      Plaintiff resides in the Northern District of Georgia.

6.      Plaintiff is a "consumer" as that term is defined by the FDCPA.

### Midland Funding

7.      Defendant Midland Funding is a Delaware limited liability company.

8.      Defendant Midland Funding's registered agent in Georgia is Corporation Service Company.

9.      Defendant Midland Funding's registered agent's address is 40 Technology Parkway South, Suite 300, Norcross, Georgia  30092.

10.     Defendant Midland Funding may be served with legal process through its

registered agent.

11.    Defendant Midland Funding is in the business of taking title or claiming to take title to charged-off debts allegedly owed by consumers and originally owed to others.

12.    Defendant Midland Funding then seeks to enforce the debts against the consumers through lawsuits.

13.    Defendant Midland Funding has paid an average of less than 5 cents on the dollar for the debts it has purchased or claims to have purchased.

14.    Defendant Midland Funding used the mails and telephone system in connection with the prosecution of Plaintiff's alleged debt.

15.    Defendant Midland Funding is a "debt collector" as that term is defined by the FDCPA.

16.    Defendant Midland Funding does not maintain a place of business in Georgia.

17.    Defendant Midland Funding does not keep assets in Georgia.

**MCM**

18.    Defendant MCM is a Kansas corporation.

19.    Defendant MCM's principal place of business is located at 3111 Camino Del Rio N, #1300, San Diego, CA 92108.

20.    Defendant MCM's registered agent in Georgia is Corporation Service

Company.

21. Defendant MCM's registered agent's address is 40 Technology Parkway South, Suite 300, Norcross, Georgia  30092.

22. Defendant MCM may be served with legal process through its registered agent.

23. Defendant MCM is a collection agency and collects the bad debts allegedly purchased by Defendant Midland Funding.

24. Defendant MCM uses the mails and telephone system to conduct its business.

25. Defendant MCM is a "debt collector" as that term is defined by the FDCPA.

26. Defendant MCM does not maintain a place of business in Georgia.

27. Defendant MCM does not keep assets in Georgia.

**Hanna**

28. Defendant Hanna is a Georgia professional corporation.

29. The name of Defendant Hanna's registered agent is Frederick J. Hanna.

30. The office of Defendant Hanna's registered agent is located at 1427 Roswell Road, Marietta, Georgia  30062.

31. Defendant Hanna's registered agent may be served with legal process at the aforesaid address.

32.    Defendant Hanna is a collection law firm.

33.    Defendant Hanna is a "debt collector" as that term is defined by the FDCPA.

15 U.S.C. § 1692a(6).

## IV.  RELEVANT FEDERAL AND STATE STATUTES

### Fair Debt Collection Practices Act

34.    The FDCPA was passed to eliminate abusive debt collection practices by debt

collectors, to insure that those debt collectors who refrain from using abusive

debt collection practices are not competitively disadvantaged, and to promote

consistent state action to protect consumers against debt collection abuses.  15

U.S.C. § 1692.

35.    Under the FDCPA, a "consumer" is a natural person obligated or allegedly

obligated to pay any debt. 15 U.S.C. § 1692a(3).

36.    Under the FDCPA, "debt" means any obligation or alleged obligation of a

consumer to pay money arising out of a transaction in which the money,

property, insurance, or services which are the subject of the transaction are

primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

37.    Under the FDCPA, a "debt collector" is any person who uses any

instrumentality of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts, or who regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

38. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

## Telephone Consumer Protection Act

39. The TCPA is designed to prevent certain types of unauthorized calls to cell phones.  47 U.S.C. § 227(b)(1)(A)(iii).

40. Auto dialed calls (i.e. dialed by a computer), pre-recorded messages, and machine generated messages may only be used against a consumer if the consumer gave express permission to the creditor and/or the debt collector to do so.  47 U.S.C. § 227(b)(1)(A).

41. Violations of the TCPA entitle the consumer to receive actual damages and statutory damages.  47 U.S.C. § 227(b)(3).

42. Under the TCPA, statutory damages are in the amount of $500 per call or $1500 per call.  47 U.S.C. § 227(b)(3).

## Georgia's Fair Business Practices Act

43. The purpose of the FBPA is "to protect consumers and legitimate business

enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state."  O.C.G.A. § 10-1-391(a).

44.    A violation of the FDCPA also constitutes a violation of the FBPA.  1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga.App. 457, 654 S.E.2d 428 (2007).  Gilmore v. Account Management, Inc., 357 Fed.Appx. 218 (11th Cir. 2009).

## V. FACTUAL ALLEGATIONS

45.    Plaintiff incurred a debt for the purchase of a computer.

46.    Plaintiff incurred the debt for personal, family or household purposes, and not for business purposes.

47.    Plaintiff defaulted on the debt.

48.    Defendant Midland Funding purchased the debt after several assignments of the debt (according to Defendant Midland Funding).

49.    Defendants have been attempting to collect the alleged debt from Plaintiff.

50.    Defendant Midland Funding assigned the alleged debt to Defendant MCM for collection.

51.    Defendant Midland Funding and Defendant MCM are related companies.

52.    Defendant Midland Funding and Defendant MCM are both wholly owned by Encore Capital Group, Inc.

53.  Defendant MCM began collecting on the alleged debt in or about 2011.

54.  Defendant MCM and Defendant Hanna sent Plaintiff letters to collect on the alleged debt.

55.  Defendant MCM's collection efforts continued through and including July 2013.

56.  The statute of limitations on a credit card debt in Georgia is no greater than six years.

57.  Defendants regularly attempt to collect debts on which the statute of limitations has expired.

58.  Defendant Midland Funding regularly files suit on debts on which the statute of limitations has expired.

59.  Defendant Hanna regularly files suit on debts on which the statute of limitations has expired.

60.  Defendant Midland Funding hired Defendant Hanna to collect on the alleged debt and to file a collection action against Plaintiff.

61.  On or about September 21, 2012, Defendant Midland Funding, through Defendant Hanna, filed a Complaint on Credit Card Account against Plaintiff in the Magistrate Court of Cobb County, Georgia, Civil Action File No. 12-J-09960 (the "Collection Lawsuit").

62. A true and correct copy of the Collection Lawsuit is attached hereto as Exhibit "A," except that Plaintiff's address has been redacted.

63. Plaintiff defaulted on the alleged debt more than six years prior to the filing of the Collection Lawsuit.

64. Before September 21, 2012, Defendant Midland Funding knew that Plaintiff defaulted on the alleged debt more than six years prior to the filing of the Collection Lawsuit.

65. Before September 21, 2012, Defendant Hanna knew that Plaintiff defaulted on the alleged debt more than six years prior to the filing of the Collection Lawsuit.

66. At the time of filing, the Collection Lawsuit was time-barred by Georgia's statute of limitations.

67. At the time of the filing, Defendant Midland Funding knew or should have known that the Collection Lawsuit was time-barred by Georgia's statute of limitations.

68. At the time of the filing, Defendant Hanna knew or should have known that the Collection Lawsuit was time-barred by Georgia's statute of limitations.

69. Plaintiff timely filed an Answer to the Collection Lawsuit.

70. Plaintiff's Answer denied Defendant Midland Funding's claim and stated:

"This account is Time (sic) barred due to the statue of limitations."

71.    Defendant Hanna received a copy of Plaintiff's answer.

72.    Defendant Hanna acknowledged receipt of Plaintiff's answer in Defendant Hanna's letter to Plaintiff dated January 17, 2013 (the "Jan. 17th Letter").

73.    A true and correct copy of the Jan. 17th Letter is attached hereto as Exhibit "B," except that Plaintiff's address has been redacted.

74.    The Jan. 17th Letter stated, in part: "We encourage you to contact us as soon as possible to explore payment arrangements which might conclude this matter without further inconvenience or expense to either yourself or our client."

75.    On or about January 17, 2013, Defendant Midland Funding reported to TransUnion that Plaintiff owed Defendant Midland Funding $2,510.00 (the "Jan. 17th Reported Amount").

76.    On or about January 17, 2013, Plaintiff did not owe Defendant Midland Funding $2,510.00.

77.    On or about January 21, 2013, Defendant Hanna mailed a letter to Plaintiff dated January 21, 2013 (the "Jan. 21st Letter").

78.    A true and correct copy of the Jan. 21st Letter is attached hereto as Exhibit "C," except that Plaintiff's address and the last four numbers of the account

have been redacted.

79.   The Jan. 21st Letter stated that the balance on the account was $2,312.05.

80.   The Jan. 21st Letter states, in part:  "Your account was originally opened with CITI BANK on August 22, 2005, and your last payment was received on July 21, 2006.  This communication confirms that our client claims the above amount is still due and owing at this time."

81.   The difference between the Jan. 17th Reported Amount ($2,510.00) and the stated balance in the Jan. 21st Letter ($2,312.05) is $197.95.

82.   It is impossible that the stated balances of both the Jan. 17th Reported Amount and the Jan. 21st Letter were correct.

83.   Prior to February 11, 2013, Defendant Midland Funding and Defendant Hanna refused and failed to dismiss the Collection Lawsuit despite Plaintiff putting Defendant Midland Funding and Defendant Hanna on notice that the Collection Lawsuit was time-barred.

84.   Due to Defendant Midland Funding's failure and refusal to dismiss the Collection Lawsuit, Plaintiff had no choice but to incur the expense of hiring counsel to defend Plaintiff at the trial set for February 11, 2013.

85.   As a result of hiring counsel and having counsel appear at court ready for trial on February 11, 2013, Defendant Midland Funding dismissed the

Collection Lawsuit without prejudice.

86.   Defendant Hanna and Defendant Midland Funding refused to dismiss the Collection Lawsuit with prejudice.

87.   Plaintiff feared and worried that Defendant Hanna and Defendant Midland Funding would refile the Collection Lawsuit.

88.   Plaintiff feared and worried that Defendants would continue their efforts to collect money from Defendants that Plaintiff did not owe Defendants.

89.   Plaintiff was confused, worried and upset by the conflicting amounts that Defendants claimed that Plaintiff owed.

90.   Defendant Hanna's employee-associate attorney, Wendy R. Webb, stated on February 11, 2013, that the alleged debt was not barred by the statute of limitations because the account was not charged off until February 2007.

91.   Said statement of Wendy R. Webb was false.

92.   Plaintiff's counsel in the Collection Lawsuit sent an e-mail to Wendy Webb on February 13, 2013, which stated: "Until further notice, I continue to represent Ms. Ford regarding the alleged debt."

93.   Notwithstanding the aforesaid e-mail, Defendant MCM continued contacting Plaintiff directly.

94.   On or about February 20, 2013, Defendant MCM mailed Plaintiff a letter

dated February 20, 2013 (the "Feb. 20th Letter").

95.   A true and correct copy of the Feb. 20th Letter is attached hereto as Exhibit "D," except that Plaintiff's address and the last four numbers of the accounts have been redacted.

96.   The Feb. 20th Letter stated that the balance on the account was $3,424.77.

97.   The balance on the account on February 20, 2013, was not $3,424.77.

98.   In the Jan. 21st Letter, thirty days earlier, Defendant Hanna stated that the balance was $2,312.05.

99.   The difference between the stated balance in the Jan. 21st Letter and the Feb. 20th Letter is $1,112.72.

100.  It is impossible that the stated balances in both the Jan. 21st Letter and the Feb. 20th Letter were correct.

101.  On or about April 11, 2013, Defendant MCM mailed Plaintiff a letter dated April 11, 2013 (the "April 11th Letter").

102.  A true and correct copy of the April 11th Letter is attached hereto as Exhibit "E," except that Plaintiff's address and last four numbers of the accounts have been redacted.

103.  The April 11th Letter stated that the balance on the account was $3,509.19.

104.  The balance on the account on April 11, 2013, was not $3,509.19.

105. On or about July 26, 2013, Defendant MCM mailed Plaintiff a letter via Plaintiff's attorney dated July 26, 2013 (the "July 26th Letter").

106. A true and correct copy of the July 26th Letter is attached hereto as Exhibit "F," except that the last four numbers of Plaintiff's account have been redacted.

107. The July 26th Letter stated that the balance on the account was $3,690.09.

108. The balance on the account on July 26, 2013, was not $3,690.09.

109. Defendant MCM mailed additional letters to Plaintiff that misstated the amount of the alleged debt.

110. Defendant MCM repeatedly used an automatic dialer to call Plaintiff on Plaintiff's cell phone.

111. Plaintiff never provided any of the Defendants with her cell phone number.

112. As a result of Defendants' conduct, Plaintiff suffered financial damages.

113. As a result of Defendants' conduct Plaintiff suffered emotional distress including but not limited to frustration, anger, worry and fear.

114. At all relevant times, Defendant Hanna was acting as the agent of Defendant Midland Funding.

115. At all relevant times, Defendant MCM was acting as the agent of Defendant Midland Funding.

### *Respondeat Superior Liability*

116.   The acts and omissions of Defendants' employees who acted as agents for Defendants and communicated with Plaintiff as described herein, were committed within the time and space limits of their agency relationship with their respective principals, Defendants.

117.   The acts and omissions by Defendants' employees who acted as agents for Defendants were incidental to, or of the same general nature as the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

118.   By committing these acts and omissions against Plaintiff, Defendants' employees and agents were motivated to benefit their respective principals, Defendants.

119.   Defendants are therefore liable to Plaintiff through the doctrine of *respondeat superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their respecive collection employees.

## VI. CAUSES OF ACTION

## Violations of FDCPA

120.   Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

121.   The conduct of Defendants violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ e1692c(c), 1692d, 1692e, 1692e(2), 1692e(8), 1692f, and 1692f(1).

122.   15 U.S.C. § 1692c(c) generally prohibits a debt collector from communicating with a consumer after the consumer refuses to pay a debt.

123.   Plaintiff's Answer filed in the Collection Lawsuit put Defendants on notice that Plaintiff refused to pay the debt.

124.   Despite such notice, Defendant Midland Funding through Defendant MCM, and Defendant MCM directly continued communicating with Plaintiff and violated the FDCPA.

125.   Defendant Midland Funding and Defendant MCM violated 15 U.S.C. § 1692c(c) with their aforesaid conduct.

126.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive or misleading representation or means in collection with the collection of debt.

127.   15 U.S.C. § 1692e(2) specifically prohibits the false representation of the amount or legal status of any debt.

128.   Defendants violated 15 U.S.C. §§ 1692e and 1692e(2) by misrepresenting

the legal status of the alleged debt by insisting that the alleged debt was not time-barred by the statute of limitations, and by misstating the amount of the alleged debt.

129.  15 U.S.C. § 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

130.  Defendant Midland Funding and Defendant MCM violated 15 U.S.C. § 1692e(8) by incorrectly reporting the amount of the alleged debt to credit reporting agencies, including but not limited to Equifax and TransUnion.

131.  15 U.S.C. § 1692f provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

132.  A debt collector's filing of a lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that the limitations period has been or should be tolled, is an unfair and unconscionable means of collecting the debt.  Kimber v. Federal Financial Corp., 668 F.Supp. 1480 (M.D.Ala. 1987).

133.  Defendant Midland Funding and Defendant Hanna violated 15 U.S.C. § 1692f by filing the Collection Lawsuit when it was time-barred.

134. 15 U.S.C. § 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

135. Defendants attempted to collect interest and other fees that were not expressly authorized by the agreement creating the debt or permitted by law, and therefore, violated 15 U.S.C. § 1692f(1).

136. Defendants' conduct in violation of the FDCPA caused Plaintiff emotional distress including but not limited to frustration, anger, worry and fear.

137. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages; actual damages for Plaintiff's expenses in defending against the Collection Lawsuit and for the emotional distress caused by the conduct of Defendants; and reasonable attorney's fees and costs.

## Violations of TCPA

138. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

139. Plaintiff never gave permission to Defendants to call Plaintiff's cell phone.

140. Plaintiff never gave the original creditor or any subsequent assignees permission to call Plaintiff's cell phone.

141. Defendant MCM illegally used an auto-dialer to repeatedly call Plaintiff's cell phone.

142. Defendant MCM's calls to Plaintiff's cell phone violated the TCPA.

143. There is no exception or justification for the numerous violations of the TCPA by Defendant MCM.

144. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant MCM in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

145. All actions taken by Defendant MCM were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

**Violations of GFBA**

146. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

147.  As specified above, the acts of Defendants violated the FDCPA.

148.  The acts of Defendant Midland Funding and Defendant MCM in violation of the FDCP also violated the FBPA.

149.  The acts of Defendant Midland Funding and Defendant MCM in violation of the FBPA were intentional.

150.  Pursuant to the FBPA, Defendant Midland Funding and Defendant MCM are liable to Plaintiff for an award of three times Plaintiff's damages.

151.  Pursuant to the FBPA, Defendant Midland Funding and Defendant MCM are liable to Plaintiff for exemplary damages.

152.  Pursuant to the FBPA, Plaintiff is entitled to an award of reasonable attorney's fees and expenses of litigation from Defendant Midland Funding and Defendant MCM.

## VII. TRIAL BY JURY

153.  Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual and statutory damages pursuant to the FDCPA;

- an award of costs of litigation and reasonable attorney's fees pursuant to the FDCPA;

- an award of statutory damages in the amount of $500 or $1500 per call under the TCPA pursuant to 47 U.S.C. § 227(b)(3);

- an award of treble damages from Defendant Midland Funding and Defendant MCM pursuant to the FBPA;

- an award of exemplary damages from Defendant Midland Funding and Defendant MCM pursuant to the FBPA; and

- an award of reasonable attorney's fees and expenses of litigation from Defendant Midland Funding and Defendant MCM pursuant to the FBPA.

Respectfully submitted,

Dated: September 5, 2013                    **THE KOVAL FIRM, LLC**

By: s/Steven H. Koval
Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

This 5th day of September, 2013.


<u>s/Steven H. Koval</u>
Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com